Wilfred P. Coronato (WC-6200)
Bart A. Whitley (BW-3010)
HUGHES HUBBARD & REED LLP
A NEW YORK LIMITED LIABILITY PARTNERSHIP
101 HUDSON STREET, SUITE 3601
JERSEY CITY, NEW JERSEY 07302-3910
Telephone: (201) 536-9220
Attorneys for Defendant Merck & Co., Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMMA MAHURON,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>Defendant. | Case No.: 07-cv-03118-MLC-TJB<br><br>**MEMORANDUM OF LAW ON BEHALF OF MERCK & CO., INC. IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING TRANSFER TO MDL NO. 1789**<br><br>Motion date: August 6, 2007 |

## INTRODUCTION

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this action pending its transfer to *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789, the multidistrict litigation ("MDL") proceeding that has been established in the Southern District of New York to coordinate federal product liability actions involving FOSAMAX® ("Fosamax").

## BACKGROUND

### A.   MDL-1789

On August 16, 2006, the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") issued a transfer order establishing MDL Proceeding No. 1789, titled *In re Fosamax Products Liability Litigation*, 444 F. Supp. 2d 1347 (J.P.M.L. 2006). The transfer order directed that 18 actions be transferred for coordinated pretrial proceedings in the U.S. District Court for

NY 1174028_1.DOC

the Southern District of New York before the Honorable John F. Keenan. *Id.* at 1349. In the Transfer Order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds that the eighteen actions listed on Schedule A involve common questions of fact, and that their centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These eighteen actions are brought by persons allegedly injured by ingestion of Merck's Fosamax, a prescription medication used in the treatment of osteoporosis. Specifically, these actions present complex common factual questions concerning, among other things, 1) the development, testing, manufacturing and marketing of Fosamax, and 2) Merck's knowledge concerning the drug's alleged adverse effects, in particular, osteonecrosis of the jaw. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

*Id.* The MDL Panel also held that "fourteen related actions" pending in multiple federal districts "will be treated as potential tag-along actions." *Id.* at n. 1.

There is currently a process in place for effecting the transfer to Judge Keenan's court of related Fosamax product liability actions quickly and efficiently. Merck's counsel, in a written submission known as a "tag-along letter," notifies the Panel promptly of newly filed related actions and developments in actions still under Panel consideration. The Panel has been issuing conditional transfer orders transferring actions to Judge Keenan's court based on the information contained in these tag-along letters. To date, the MDL Panel has issued 26 Conditional Transfer Orders, at least 71 cases involving Fosamax have been transferred to MDL-1789, and there are a total of 172 cases pending in the MDL, including cases filed directly in the Southern District of New York.

Two Fosamax cases removed by Merck to this Court have already been transferred to the Fosamax MDL Proceedings. On March 15, 2007, this Court stayed *Potgieter v. Merck & Co., Inc.*, until

2

the MDL Panel determined whether to transfer the case to the MDL Proceedings. *See* Order dated March 15, 2007, filed in *Potgieter v. Merck & Co., Inc.*, Case No. 07-cv-00002-DMC-MF (D.N.J.) (Certification of Bart A. Whitley, Esq. ("Whitley Cert."), Exhibit A). The MDL Panel subsequently ordered that the *Potgieter* case be transferred to the MDL. *See* MDL Panel Order, dated June 14, 2007 in *Potgieter v. Merck & Co., Inc.*, Case No. 07-cv-00002-DMC-MF (D.N.J.) (Whitley Cert., Exhibit B). A second case, *Flores v. Merck & Co., Inc., et al.*, was transferred pursuant to an MDL Panel order filed in this Court on April 2, 2007. *See* Order filed 4/2/2007 in *Flores v. Merck & Co., Inc., et. al*, Case No. 07-cv-00599-NLH-JS (Whitley Cert., Exhibit C).

### B. The Instant Action

On or about June 29, 2007, Plaintiff commenced this action entitled *Mahuron v. Merck & Co., Inc.,* Case No. L-5863-07, against Merck in the Superior Court of New Jersey, Law Division, Middlesex County. On July 3, 2007, Merck removed this action to the United States District Court for the District of New Jersey before Merck was served with process, based on diversity jurisdiction under 28 U.S.C. § 1332. Merck removed this case pursuant to § 1441(b) on the grounds that "none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). This Court specifically has held that removal is proper in such circumstances. *See Frick v. Novartis Pharmaceuticals Corp.*, 2006 WL 454360 (D.N.J 2006) (removal by a diverse New Jersey resident defendant is proper under 28 U.S.C. § 1441(b) when that defendant has not been served with process prior to removal). Here, there is no dispute that Plaintiff failed to serve Merck prior to removal.

Nor could there be any reasonable dispute that this action involves the same factual inquiries that the Panel noted were present in the Fosamax product liability actions generally,

3

NY 1174028_1.DOC

thereby warranting coordinated pre-trial proceedings in the Southern District of New York. Specifically, it is clear from the face of the Complaint that this case, like the other Fosamax product liability actions, focuses on the alleged increased health risks (including osteonecrosis of the jaw) when taking Fosamax, and Merck's knowledge concerning Fosamax's alleged adverse effects. For example, Plaintiff alleges that "Defendant knew of the significant risk of dental and oral complications caused by ingestion of Fosamax, but Defendant did not adequately and sufficiently warn consumers. . . or the medical community of such risks." (Compl. ¶ 22.)

On July 11, 2007, Merck, pursuant to Rule 7.5(c) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, provided notice to the MDL Panel of the pendency of this "tag-along" action and has furnished the Panel with a copy of the docket sheet and complaint in this action. Merck expects this case to be listed on a conditional transfer order either this week or next, and expects that this case will be transferred to the Fosamax MDL proceedings.

## ARGUMENT

The Court should exercise its discretion to stay all further proceedings in this action pending its transfer to MDL-1789. The authority of a federal court to stay proceedings is well-established. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *accord Denny v. Merck & Co., Inc.*, No. 04 Civ. 0526, slip op. (S.D. Tex. Dec. 6, 2004) ("The power to stay all proceedings is well established."). Courts analyze three factors when determining whether to issue a stay of proceedings pending the MDL Panel's decision on transfer, namely: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Buie v. Blue Cross & Blue*

4

*Shield of Kan. City, Inc.*, No. 05-0534, 2005 U.S. Dist. LEXIS 35783, at *4 (W.D. Mo. Sept. 13, 2005); *Mathis v. Bristol-Myers Squibb*, No. 03-0308, 2003 U.S. Dist. LEXIS 3797, at *2 (E.D. La. March 12, 2003).

As noted above, two Fosamax cases removed to this Court by Merck have already been transferred to the Fosamax MDL proceedings. *See* Whitley Cert., Exs. B & C. Both of those cases were removed by Merck pursuant to 28 U.S.C. § 1446 before Merck was served with the Complaint. One of those cases, *Potgieter,* was expressly stayed prior to transfer, *see* Whitley Cert., Ex. A, and no action was taken with respect to Merck in the other case, *Flores*, until the transfer was complete. There is no significant issue in this case that is not already before the transferee court in the Fosamax MDL proceedings.

Federal courts throughout the country with pending Fosamax product liability actions have analyzed the above-referenced factors in determining whether a stay of proceedings pending the MDL Panel's decision as to transfer is appropriate, and have stayed further proceedings. *See, e.g.,* Order filed 6/14/2007 in *Demsky, et al. v. Merck & Co., et al.*, Case No. CV 07-2839 (FMC) (PJWx) (C.D. Cal.) (Whitley Cert., Exhibit D); Minute Orders dated 4/12/2007 and 5/15/2007 in *Walla v. Merck & Co., et al.*, Case No. 07-C-1864 (N.D. Ill.) (Whitley Cert., Exhibit E); Order filed 2/6/2007 in *Bogard v. Merck & Co., Inc.*, No. C-06-6917 SC (N.D. Cal.) (Whitley Cert., Exhibit F); Order filed 2/2/2007 in *Ferraro, et al. v. Merck & Co., et al.*, Case No. CV 06-7733 (FMC) (PJWx) (C.D. Cal.) (Whitley Cert., Exhibit G); Order filed 12/7/2006 in *Clayton v. Merck & Co., Inc. et al.*, No. CV 06-6398 FMC (PJW) (C.D. Cal.) (Whitley Cert., Exhibit H); Order filed 12/6/2006 in *Morris, et al. v. Merck & Co., Inc., et al.*, No. CV 06-5587 FMC (PJW) (C.D. Cal.) (Whitley Cert., Exhibit I); Order filed 11/01/2006 in *Purdy, et al., v. Merck & Co., et al.*, Case No. 2:06-cv-223-KS-MTP (S.D. Miss) (Whitley Cert., Exhibit J); *see also* Order filed 2/2/2007 in *Goya v. Merck & Co., et al.*, Case No. 06-CV-2574 H (AJB) (S.D. Cal.)

(Whitley Cert., Exhibit K) (denying formal stay, but holding all proceedings and pending motions in abeyance until MDL Panel decides whether case is to be transferred).

I. **JUDICIAL ECONOMY MANDATES A STAY.**

Granting a stay of proceedings here will promote judicial economy. The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. 1407(a). Where, as here, the MDL Panel has already coordinated Fosamax product liability actions before Judge Keenan in the Southern District of New York, there is no question that a stay of these proceedings will promote judicial economy. *See, e.g.,* Order filed 12/7/2006 in *Demsky*, No. CV 07-2839 FMC (PJW) (C.D. Cal.) (Whitley Cert., Exhibit D), slip. op. at 3-4.

It is well settled that a district court is best served not expending resources "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge." *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also Gorea v. Gillette Co.*, No. 05 Civ. 2425, 2005 WL 2373440, at *1 (W.D. Tenn. Sept. 26, 2005) ("[A] stay is warranted in this case . . . the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction."). Granting a stay of this action pending its transfer to MDL-1789 will conserve the resources of this court and prevent duplicative discovery and pretrial management efforts. *See Board of Trustees of Teachers' Retirement System v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) ("Having one court rather than three decide complex jurisdictional issues obviously saves judicial resources."); *see also U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02 Civ. 853, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) ("[I]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted.").

## II.     <u>MERCK WILL BE PREJUDICED ABSENT A STAY.</u>

The prejudice to Merck absent a stay far outweighs any perceived or potential prejudice to Plaintiff if a stay is granted. *See American Seafood, Inc. v. Magnolia Processing*, Nos. 92 Civ. 1030, 92 Civ. 1086, 1992 WL 102762, at * 2 (E. D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay."). There are over 170 Fosamax actions being coordinated in MDL-1789. If individual district courts allowed cases to proceed in the short window between the time cases were filed in or removed to individual federal district courts and they were transferred to Judge Keenan, Merck would face substantial hardship. Plaintiffs would be free to pursue a strategy of aggressively litigating, and getting discovery in, hundreds of individual cases for the period of weeks it takes for cases that meet the §1407 transfer standard to be transferred to Judge Keenan's court. Merck should not be forced to engage in unnecessary and duplicative discovery and motion practice. *See Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241, 2005 WL 2234071, at * 1 (W.D. Tenn. Sept 13, 2005) (granting a stay holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant."); *see also North v. Merck & Co., Inc.,* No. 05 Civ. 6475, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005) ("[T]he risk of hardship to Merck of engaging in duplicative motion practice and discovery . . . outweighs any prejudice that could potentially inure to [plaintiff]."); *Gorea*, 2005 WL 2372440, at * 1 ("[W]hereas without a stay [pending transfer to the MDL court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant.").

In contrast, a stay will not prejudice the legitimate interests of Plaintiff. Any delay in the preliminary proceedings in this case would be both brief and offset by the benefits of coordinated discovery and motion practice after all of the overlapping lawsuits are transferred to a single court. *See, e.g., Rivers*, 980 F. Supp. at 1362 (discounting any prejudice to the non-moving party

7

in the time between issuing the stay and the MDL Panel's consideration of the motion). Plaintiff has expended limited resources to date; this action is still in its infancy and discovery has not yet begun. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in the MDL and Plaintiff will not be prejudiced by a limited delay.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Southern District of New York.

Dated: July 13, 2007

HUGHES HUBBARD & REED LLP
A New York Limited Liability Partnership
Attorneys for Defendant
Merck & Co., Inc.

By: s/ Bart A. Whitley
Wilfred P. Coronato
Bart A. Whitley

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was served this day by electronic filing via CM/ECF notification and by overnight mail in compliance with Rule 5 of the Federal Rules of Civil Procedure upon counsel for plaintiff, David Jacoby, Tracy A. Finken, Esq., Anapol, Schwartz, Weiss, Cohan, Feldman, & Smalley, P.C., 1040 Kings Highway North, Cherry Hill, NJ 08034.

Dated: July 13, 2007            By: /s Bart A. Whitley
                                    Wilfred P. Coronato
                                    Bart A. Whitley

NY 1174028_1.DOC