Wilfred P. Coronato (WC-6200)
Bart A. Whitley (BW-3010)
HUGHES HUBBARD & REED LLP
A NEW YORK LIMITED LIABILITY PARTNERSHIP
101 HUDSON STREET, SUITE 3601
JERSEY CITY, NEW JERSEY 07302-3910
Telephone: (201) 536-9220
Attorneys for Defendant Merck & Co., Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMMA MAHURON,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>Defendant. | Case No.: 07-cv-03118-MLC-TJB<br><br>**CERTIFICATION OF**<br>**BART A. WHITLEY, ESQ.** |

BART A. WHITLEY, ESQ., by way of certification in lieu of affidavit, says:

1.      I am an attorney duly admitted to practice law in the Courts of the State of New Jersey and the United States District Court for the District of New Jersey. I am an associate with the firm of Hughes Hubbard & Reed LLP, attorneys for defendant Merck & Co., Inc. (hereinafter, "Merck"). As such, I am fully familiar with the facts set forth herein. I submit this certification in support of Merck's Motion to Stay Proceedings Pending Transfer to MDL No. 1789.

2.      Attached hereto as Exhibit "A" is the Order staying all proceedings pending transfer decision by the Judicial Panel on Multidistrict Litigation in *Potgieter v. Merck & Co., Inc.*, No. 07-cv-00002-DMC-MF (D.N.J. Mar. 15, 2007).

3.      Attached hereto as Exhibit "B" is the MDL Panel Order, dated June 14, 2007, transferring *Potgieter v. Merck & Co., Inc.*, No. 07-cv-00002-DMC-MF (D.N.J.) to MDL No. 1789.

4.      Attached hereto as Exhibit "C" is the MDL Panel Order transferring *Flores v. Merck & Co., Inc.*, No. 07-cv-00599-NLH-JS (D.N.J.) to MDL No. 1789.

5.      Attached hereto as Exhibit "D" is the Order staying all proceedings until issuance of a final decision by the Judicial Panel on Multidistrict Litigation regarding transfer in *Demsky et al. v. Merck & Co., Inc., et al.*, No. 07-2839 (C.D. Cal. June 14, 2007).

6.      Attached hereto as Exhibit "E" are the Minute Orders dated April 12, 2007 and May 15, 2007 staying all proceedings pending transfer to MDL No. 1789 and denying plaintiff's motion for remand in *Walla. v. Merck & Co., Inc., et al.*, No. 07-C-1864 (N.D. Ill.).

7.      Attached hereto as Exhibit "F" is the Order denying plaintiffs' motion to remand and staying all proceedings until issuance of a final decision by the Judicial Panel on Multidistrict Litigation regarding transfer in *Bogard v. Merck & Co, Inc, et al.*, No. C-06-6917 SC (N.D. Cal. Feb. 6, 2007).

8.      Attached hereto as Exhibit "G" is the Order denying plaintiffs' motion to remand and staying all proceedings until issuance of a final decision by the Judicial Panel on Multidistrict Litigation regarding transfer in *Ferraro, et al. v. Merck & Co., Inc., et al.*, No. 06-7733 FMC (C.D. Cal. Feb. 2, 2007).

9.      Attached hereto as Exhibit "H" is the Order denying plaintiff's motion to remand and staying all proceedings until issuance of a final decision by the Judicial Panel on Multidistrict Litigation regarding transfer in *Clayton v. Merck & Co., Inc.*, No. 06-6398 FMC (C.D. Cal. Dec. 7, 2006).

10.     Attached hereto as Exhibit "I" is the Order denying plaintiffs' motion to remand and staying all proceedings until issuance of a final decision by the Judicial Panel on Multidistrict Litigation regarding transfer in *Morris v. Merck & Co., Inc.*, No. 06-5587 FMC (C.D. Cal. Dec. 6, 2006).

11.     Attached hereto as Exhibit "J" is the Order staying all proceedings pending transfer decision by the Judicial Panel on Multidistrict Litigation in *Purdy v. Merck & Co., Inc.*, No. 2:06-0223 KS-MTP (S.D. Miss. Nov. 1, 2006).

12.     Attached hereto as Exhibit "K" is the Order deferring to rule on plaintiff's motion to remand subject to a final ruling by the Judicial Panel on Multidistrict Litigation regarding transfer in *Goya v. Merck & Co., Inc.*, No. 06-2574 (S.D. Cal. Feb. 1, 2007).

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

Dated:  July 13, 2007                          s/ Bart A. Whitley_____
                                                        Bart A. Whitley

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARY ELLEN POTGIETER,                    )
                                          )    Case No.: 07-cv-00002-DMC-MF
                Plaintiff,                )
                                          )    ORDER STAYING
v.                                        )    PROCEEDINGS PENDING
                                          )    TRANSFER TO MDL NO. 1789
MERCK & CO., INC.,                        )
                                          )
                Defendant.                )
                                          )

THIS MATTER having been brought before the Court on the motion of defendant

to stay proceedings pending transfer to MDL No. 1789; and the Court having considered

the submissions of the parties in support of and in opposition to the motion; and for good

cause having been shown:

IT IS on this _15_ day of _March_, 2007,

ORDERED that defendant's Motion to Stay is GRANTED. This action is stayed

pending a transfer decision from the Judicial Panel on Multidistrict Litigation.

Honorable Dennis M. Cavanaugh, U.S.D.J.

# EXHIBIT B

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 4 2007

FILED
CLERK'S OFFICE

## DOCKET NO. 1789

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION

*Mary Ellen Potgieter v. Merck & Co., Inc.*, D. New Jersey, C.A. No. 2:07-2

### BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL, DAVID R. HANSEN[*] AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiff in a District of New Jersey action. This plaintiff asks the Panel to vacate its order conditionally transferring the action to the Southern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Lone defendant Merck & Co., Inc., opposes the motion to vacate and urges inclusion of the action in the MDL-1789 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that this action involves common questions of fact with the actions in this litigation previously transferred to the Southern District of New York, and that transfer of this action to the Southern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of this action is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Southern District of New York was a proper Section 1407 forum for actions involving allegations that ingestion of Fosamax, a prescription medication used in the treatment of osteoporosis, caused adverse effects, in particular, osteonecrosis of the jaw. *See In re Fosamax Products Liability Litigation*, 444 F.Supp.2d 1347 (J.P.M.L. 2006). Plaintiff's motion for remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*]     Judges Motz, Miller and Hansen took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable John F. Keenan for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

# EXHIBIT C

A CERTIFIED TRUE COPY

JUDGE KEENAN

07 CV 2442

**MAR 2 3 2007**

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR -7 2007

FILED
CLERK'S OFFICE

*DOCKET NO. 1789*

FLD
SDofNY
3/27/07

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION

*Debra Flores v. Merck & Co., Inc., et al.,* D. New Jersey, C.A. No. 1:07-599

### CONDITIONAL TRANSFER ORDER (CTO-15)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 444 F.Supp.2d 1347 (J.P.M.L. 2006). Since that time, 38 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

**MAR 2 3 2007**

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A CERTIFIED COPY
J. MICHAEL McMAHON, . . CLERK

BY _____

DEPUTY CLERK

# EXHIBIT D

P Send

```
              FILED
    CLERK, U.S. DISTRICT COURT

         JUN 1 4 2007

  CENTRAL DISTRICT OF CALIFORNIA
  BY                      DEPUTY
```

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JERI DEMSKY, et al.,

                     Plaintiffs,

vs.

MERCK & CO., INC., a New Jersey Corporation; McKESSON CORPORATION, a Delaware corporation; DOES 1-50,

                     Defendants.

CV 07-2839 FMC (PJWx)

ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO REMAND

#14

```
  DOCKETED ON CM
     entered
    JUN 1 4 2007
  BY              085
```

    This matter is before the Court on Defendant Merck & Co., Inc.'s unopposed Motion to Stay Proceedings (docket no. 11) and Plaintiffs' Motion to Remand to State Court (docket no. 13), filed on May 24, 2007, and May 29, 2007, respectively. The Court has considered the documents submitted in connection with the motions and deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearings set for June 18, 2007, and

1    July 2, 2007, are removed from the Court's calendar. For the reasons and in the

2    manner set forth below, the Court **GRANTS** Defendant's Motion to Stay and

3    **DENIES** Plaintiffs' Motion to Remand without prejudice to the filing of a renewed

4    motion in the event that the Judicial Panel on Multidistrict Litigation (JPML) does

5    not transfer this case to Multidistrict Litigation (MDL) No. 1789, *In Re: Fosamax*

6    *Prods. Liab. Litig.*

7            **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

8       Plaintiffs took the prescription drug Fosamax, which is manufactured and sold

9    by Defendant Merck & Co., Inc. (Merck) and distributed by Defendant McKesson

10    Corporation (McKesson). Plaintiffs filed their Complaint in the Superior Court for

11    the State of California, County of Los Angeles, on April 18, 2007. Plaintiffs allege,

12    *inter alia,* that Defendants misrepresented (affirmatively and through a failure to

13    warn) that Fosamax was a safe and effective treatment for osteoporosis, Paget's

14    Disease, and other conditions. Plaintiffs further allege that, as a proximate result of

15    ingesting Fosamax, they have been permanently and severely injured.

16       On April 30, 2007, Defendant Merck removed the action to this Court on the

17    basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson, a

18    California citizen, is fraudulently joined. In their motion to remand, Plaintiffs argue

19    that joinder was proper. In its Motion for Stay, Merck maintains that resolution of

20    the question of the propriety of Plaintiffs' joinder of McKesson should be deferred

21    pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods.*

22    *Liab. Litig.*, and that all other proceedings in this action should be stayed until such

23    time.

24                   **STANDARD OF LAW**

25       "A trial court may, with propriety, find it is efficient for its own docket and the

26    fairest course for the parties to enter a stay of an action before it, pending resolution

27    of independent proceedings which bear upon the case." *Leyva v. Certified Grocers*

1   *of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North*
2   *American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power
3   to stay proceedings is incidental to the power inherent in every court to control the
4   disposition of the causes on its docket with economy of time and effort for itself, for
5   counsel, and for litigants.").

6                                   **DISCUSSION**

7           A stay of all proceedings until such time as the JPML renders its final
8   decision regarding transfer is in the interest of judicial economy. A steady succession
9   of cases involving the drug Fosamax are being filed in this district and other districts
10  throughout the country and are awaiting transfer to the MDL proceedings.[1] Given the
11  similarity of this litigation to other recent pharmaceutical products liability litigation,
12  the Court finds that there are likely to be many more cases (in this district or
13  otherwise) that present the precise question of the propriety of joinder of Defendant
14  McKesson and/or other "distributor" defendants. Consideration of Plaintiffs' remand
15  motion by this Court at this juncture would therefore run the risk of inconsistent
16  rulings among different judges in different districts and/or would constitute an
17  inefficient use of judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist.
18  LEXIS 28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs'
19  motion to relate all Zyprexa cases naming McKesson Corporation in this district,
20  judges in other California districts would nonetheless have to decide the issue, thus
21  resulting in unnecessarily duplicative litigation, an inefficient use of judicial
22  resources, and the risk of inconsistent results.").

23

24

_____

25          [1] According to the JPML website, there are now 154 actions pending in MDL No. 1789, *In*
26  *Re: Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/ (follow "Pending MDLs," then
27  "Distribution of Pending MDL Dockets").

## CONCLUSION

Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 14) is **GRANTED**. Proceedings in this case are STAYED until issuance of a final decision by the JPML regarding transfer or for sixty (60) days, whichever is earlier.

Plaintiffs' Motion to Remand (docket no. 11) is **DENIED** without prejudice to the filing of a renewed motion if transfer is denied.

**IT IS SO ORDERED.**

Dated: June 14, 2006

_____
FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT

4

# EXHIBIT E

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1864 | **DATE** | 4/12/2007 |
| **CASE TITLE** | Walla vs. Merck & Co., Inc. et al | | |

## DOCKET ENTRY TEXT

Defendant Merck & Co., Inc.'s motion to stay all proceedings before this Court is granted. Motion hearing set for 4/19/2007 is vacated. After a careful review of the pleadings in this recently removed lawsuit, this Court hereby dismisses said state court complaint without prejudice to the pending transfer to MDL No. 1789 and the filing of an appropriate amended federal complaint or motion to remand before the transferee judge.

| | Courtroom Deputy Initials: | DL |
|---|---|---|

07C1864 Walla vs. Merck & Co., Inc. Et al

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.0
### Eastern Division

Dianne Walla

      Plaintiff,

v.             Case No.: 1:07–cv–01864
               Honorable Ruben Castillo

Merck & Co., Inc., et al.

        Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 15, 2007:

  MINUTE entry before Judge Ruben Castillo :Motion hearing held on 5/15/2007. Plaintiff's motion for remand [18] is denied without prejudice to its renewal before the transferee judge. Mailed notice(rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# EXHIBIT F

United States District Court
For the Northern District of California

1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    JENNIFER BOGARD and ROBERT BOGARD, )    No. C-06-6917 SC
                                        )
8            Plaintiffs,                )
                                        )    ORDER GRANTING
9        v.                             )    DEFENDANT'S MOTION TO
                                        )    STAY AND DENYING
10   MERCK & CO., INC., a New Jersey    )    PLAINTIFFS' MOTION TO
     Corporation; McKESSON CORPORATION, )    REMAND
11   a Delaware Corporation; DOES 1-50, )
     inclusive,                         )
12                                      )
             Defendants.                )
13   _____)

## I.   INTRODUCTION

        Upon removing this action to federal court, Defendant Merck &
Co., Inc. ("Merck") filed a Notice of Pendency of Other Proceeding
and a Motion to Stay the Proceedings. See Docket Nos. 1, 3, 5.
Defendant seeks the stay in order to give the Judicial Panel on
Multidistrict Litigation ("JPML") the opportunity to transfer the
case to Multidistrict Litigation No. 1789, In Re: Fosamax Prods.
Liab. Litig. Plaintiffs Jennifer and Robert Bogard opposed
Merck's motion and filed a Motion to Remand. See Docket Nos. 9
and 10. For the reasons stated herein, the Court GRANTS
Defendant's Motion to Stay and DENIES Plaintiffs' Motion to Remand
without prejudice.

## II.  BACKGROUND

        Plaintiff Jennifer Bogard alleges that she ingested and was

Case 3:06-cv-06917-SC    Document 26    Filed 02/07/2007    Page 2 of 3

1  injured by the prescription drug Fosamax, which is manufactured by

2  Merck and marketed, distributed, and sold by Defendant McKesson

3  Corporation ("McKesson").  See Complaint, Docket No. 10.

4  Plaintiffs filed suit in the California Superior Court for the

5  County of San Francisco.  See Docket No. 10.  Merck removed the

6  case to federal court on the basis of diversity jurisdiction, 28

7  U.S.C. § 1332, alleging that McKesson, a California citizen, was

8  fraudulently joined.  See Docket No. 1.

9

10  **III. LEGAL STANDARD**

11      "[T]he power to stay proceedings is incidental to the power

12  inherent in every court to control the disposition of the causes

13  on its docket with economy of time and effort for itself, for

14  counsel, and for litigants." Landis v. North American Co., 299

15  U.S. 248, 254 (1936).  "A trial court may, with propriety, find it

16  is efficient for its own docket and the fairest course for the

17  parties to enter a stay of an action before it, pending resolution

18  of independent proceedings which bear upon the case." Leyva v.

19  Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir.

20  1979).

21

22  **IV.  DISCUSSION**

23      Appropriate grounds for transferring a case to multidistrict

24  litigation include promoting "the just and efficient conduct of

25  such actions."  28 U.S.C. § 1407(a).  The issue of whether

26  McKesson was fraudulently joined in order to destroy federal

27  jurisdiction is identical to that posed in other Fosamax cases.

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  See Tanzer Decl., Docket No. 17 (including an order from Morris v.

2  Merck & Co., Inc. et al., a case from the Central District of

3  California addressing the same issue and concluding that a stay

4  was appropriate).  As the Morris court and others have concluded,

5  consideration of Plaintiffs' Motion to Remand and the issue of

6  fraudulent joinder outside the JPML would foster "unnecessarily

7  duplicative litigation, an inefficient use of judicial resources,

8  and the risk of inconsistent results." Stempien v. Eli Lilly and

9  Co., 2006 WL 1214836, at *1 (N.D. Cal., May 4, 2006) (discussing

10 the potentially fraudulent joinder of McKesson in the Zyprexa

11 litigation).  In the interests of judicial economy, the best

12 results will be obtained by referring the case to Multidistrict

13 Litigation No. 1789, In Re: Fosamax Prods. Liab. Litig. for

14 resolution of this issue in coordinated pretrial proceedings.

15

16 **V.    CONCLUSION**

17     The Court GRANTS Defendant's Motion to Stay.  All proceedings

18 in this case are STAYED until issuance of a final decision by the

19 JPML regarding transfer or for sixty (60) days, whichever is

20 earlier.  In addition, the Court DENIES Plaintiffs' Motion to

21 Remand without prejudice to re-file in the event transfer is

22 unsuccessful.

23

24     IT IS SO ORDERED.

25

26     Dated: February 6, 2007

27                                          _____

28                                          UNITED STATES DISTRICT JUDGE

                                   3

# EXHIBIT G



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NANCY FERRARO, a single woman; )
LILLIE H. AUGERSON, a single )
woman; LUIGA MORRA, a single )
woman; EVELYN LACEY, a single )
woman; JERRY W. GRAHAM, a )
single woman; MINA A. HOLCOMB, )
a single woman, )
 )
            Plaintiffs, )
 )
vs. )
 )
MERCK & CO., INC., a New Jersey )
Corporation; McKESSON )
CORPORATION, a Delaware )
corporation; DOES 1-50 )
 )
            Defendants. )

CV 06-7733 FMC (PJWx)

ORDER GRANTING DEFENDANT'S
MOTION TO STAY AND DENYING
PLAINTIFFS' MOTION TO REMAND

        This matter is before the Court on Plaintiffs' Motion to Remand to State Court
(docket no. 11), and Defendant Merck & Co., Inc.'s Motion to Stay Proceedings
(docket no. 14), filed on January 4, 2007, and January 11, 2007, respectively. The
Court has considered the moving and opposition documents submitted in connection
with the motions. The Court deems this matter appropriate for decision without oral
argument. *See* Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearing set for

February 5, 2007, is removed from the Court's calendar.  For the reasons and in the manner set forth below, the Court **GRANTS** Defendant's Motion to Stay and **DENIES** Plaintiffs' Motion to Remand without prejudice to the filing of a renewed motion in the event that the Judicial Panel on Multidistrict Litigation ("JPML") does not transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax Prods. Liab. Litig.*

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Nancy Ferraro, Lillie H. Augerson, Luiga Morra, Evelyn Lacey, Jerry W. Graham, and Mina A. Holcomb took the prescription drug Fosamax, which is manufactured and sold by Defendant Merck & Co., Inc. ("Merck") and distributed by Defendant McKesson Corporation ("McKesson"). Plaintiffs filed their Complaint in the Superior Court for the State of California, County of Los Angeles, on December 1, 2006.  Plaintiffs allege, *inter alia,* that Defendants misrepresented (affirmatively and through a failure to warn) that Fosamax was a safe and effective treatment for osteoporosis, Paget's Disease, and other conditions.  Plaintiffs further allege that, as a proximate result of ingesting Fosamax, they have been permanently and severely injured.

On December 6, 2006, Defendant Merck removed the action to this Court on the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson, a California citizen, is fraudulently joined.  In their motion to remand, Plaintiffs argue that joinder was proper.   In its Opposition to the motion and in its separate Motion for Stay, Merck maintains that resolution of the question of the propriety of Plaintiffs' joinder of McKesson should be deferred pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods. Liab. Litig.*, and that all other

2

1 proceedings in this action should be stayed until such time.[1] McKesson joins in

2 Merck's Opposition to the motion to remand and in the Motion to Stay in all

3 respects.

### STANDARD OF LAW

5     "A trial court may, with propriety, find it is efficient for its own docket and the

6 fairest course for the parties to enter a stay of an action before it, pending resolution

7 of independent proceedings which bear upon the case." *Leyva v. Certified Grocers*

8 *of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North*

9 *American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power

10 to stay proceedings is incidental to the power inherent in every court to control the

11 disposition of the causes on its docket with economy of time and effort for itself, for

12 counsel, and for litigants.").

### DISCUSSION

14     A stay of all proceedings until such time as the JPML renders its final

15 decision regarding transfer is in the interest of judicial economy. A steady succession

16 of cases involving the drug Fosamax are being filed in this district and other districts

17 throughout the country and are awaiting transfer to the MDL proceedings.[2]  Given

18 the similarity of this litigation to other recent pharmaceutical products liability

19 litigation, the Court finds that there are likely to be many more cases (in this district

20 or otherwise) which present the precise question of the propriety of joinder of

21 _____

22 [1]Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict
Litigation, the JMPL issued a Conditional Transfer Order on December 27, 2006.  Plaintiffs were

23 required to file a Motion to Vacate that Order on or before January 25, 2007. *See* Request for
Judicial Notice in Support of Merck & Co., Inc.'s Opposition to Plaintiff's Motion to Remand,

24 Exhibits 3-4.

25     [2] According to the JPML website, there are now 77 actions pending in MDL No. 1789, *In Re:*

26 *Fosamax Prods. Liab. Litig.*  *See*  http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.
html (follow "Distribution of Pending MDL Dockets").

27

3

1  Defendant McKesson and/or other "distributor" defendants.[3] Consideration of

2  Plaintiffs' remand motion by this Court at this juncture would therefore run the risk

3  of inconsistent rulings between different judges in different districts and/or would

4  constitute an inefficient use of judicial resources. *Cf. Stempien v. Eli Lilly & Co.*,

5  2006 U.S. Dist. LEXIS 28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant

6  Plaintiffs' motion to relate all Zyprexa cases naming McKesson Corporation in this

7  district, judges in other California districts would nonetheless have to decide the

8  issue, thus resulting in unnecessarily duplicative litigation, an inefficient use of

9  judicial resources, and the risk of inconsistent results.").

## CONCLUSION

11      Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay

12  Proceedings (docket no. 14) is **GRANTED**. Proceedings in this case are STAYED

13  until issuance of a final decision by the JPML regarding transfer or for sixty (60)

14  days, whichever is earlier.

15  / /

16  / /

17  / /

18  / /

19  / /

20

21      [3]As Defendants point out, two Fosamax cases which name both Merck and McKesson as

22  Defendants were recently removed (by Merck) to the district courts for the Northern and Southern
    Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s

23  Reply Memorandum in Support of Motion to Stay Proceedings, Exhibit 3. The Court takes judicial
    notice of the fact that Merck is raising the same issues of fraudulent joinder in those cases and has

24  filed a similar motion to stay proceedings pending possible transfer to the MDL action in the
    Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria Citizens*

25  *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice of

26  "proceedings in other courts, both within and without the federal judicial system, if those
    proceedings have a direct relation to matters at issue.").

27

1      Plaintiffs' Motion to Remand (docket no. 11) is **DENIED** without prejudice

2 to the filing of a renewed motion if transfer is denied.

3

4 **IT IS SO ORDERED.**

5 Dated: February ___, 2006

6

7

8                             FLORENCE-MARIE COOPER, JUDGE

9                             UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# EXHIBIT H

FILED
CLERK, U.S DISTRICT COURT

DEC - 7 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE E. CLAYTON, | CV 06-6398 FMC (PJWx) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFF'S MOTION TO REMAND |
| vs. | |
| MERCK & CO., INC., a New Jersey Corporation; McKESSON CORPORATION, a Delaware corporation; DOES 1-50 | |
| Defendants. | |

DOCKETED ON CM

Ventered
DEC - 7 2006

BY                    085

This matter is before the Court on Plaintiff's Motion to Remand to State
Court (docket no. 10), and Defendant Merck & Co., Inc.'s Motion to Stay
Proceedings (docket no. 12), filed on November 3, 2006 and November 8, 2006,
respectively. The Court has considered the moving, opposition and reply
documents submitted in connection with the motions. The Court deems this
matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78,
Local Rule 7-15. Accordingly, the hearing set for December 11, 2006, is
removed from the Court's calendar. For the reasons and in the manner set forth
below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiff's



1   Motion to Remand without prejudice to the filing of a renewed motion in the

2   event that the Judicial Panel on Multidistrict Litigation ("JPML") does not

3   transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax*

4   *Prods. Liab. Litig.*

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

6   Plaintiff, Anne E. Clayton, took the prescription drug Fosamax, which is

7   manufactured and sold by Defendant Merck & Co., Inc. ("Merck") and

8   distributed by Defendant McKesson Corporation ("McKesson"). Plaintiff filed

9   her Complaint in the Superior Court for the State of California, County of Los

10  Angeles, on September 28, 2006. Plaintiff alleges, *inter alia,* that Defendants

11  misrepresented (affirmatively and through a failure to warn) that Fosamax was a

12  safe and effective treatment for osteoporosis, Paget's Disease and other

13  conditions. Plaintiff further alleges that, as a proximate result of injesting

14  Fosamax, she has been permanently and severely injured.

15  On October 6, 2006, Defendant Merck removed the action to this Court on

16  the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson,

17  a California citizen, is fraudulently joined. In her motion to remand, Plaintiff

18  argues that joinder was proper. In its Opposition to the motion and in its

19  separate Motion for Stay, Merck maintains that resolution of the question of the

20  propriety of Plaintiff's joinder of McKesson should be deferred pending transfer

21  of this action to the MDL proceedings in *In Re Fosamax Prods. Liab. Litig.*, and

22  that all other proceedings in this action should be stayed until such time.[1]

23  McKesson joins in Merck's Opposition to the motion to remand and the Motion

24  _____

25  [1] Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the JMPL issued a Conditional Transfer Order on November 2, 2006. Plaintiff's Motion

26  to Vacate that Order is currently pending. *See* Request for Judicial Notice in Support of Merck & Co., Inc.'s Opposition to Plaintiff's Motion to Remand, Exhibits 1-2.

27

to Stay in all respects.

## STANDARD OF LAW

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

## DISCUSSION

A stay of all proceedings until such time as the JPML renders its final decision regarding transfer is in the interest of judicial economy. A steady succession of cases involving the drug Fosamax are being filed in this district and other districts throughout the country and are awaiting transfer to the MDL proceedings.[2] Given the similarity of this litigation to other recent pharmaceutical products liability litigation, the Court finds that there are likely to be many more cases (in this district or otherwise) which present the precise question of the propriety of joinder of Defendant McKesson and/or other "distributor" defendants.[3] Consideration of Plaintiff's remand motion by this

---

[2] According to the JPML website, there are now 58 actions pending in MDL No. 1789, *In Re: Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.html (follow "Distribution of Pending MDL Dockets").

[3] As Defendants point out, two Fosamax cases which name both Merck and McKesson as Defendants were recently removed (by Merck) to the district courts for the Northern and Southern Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s Reply Memorandum in Support of Motion to Stay Proceedings, Exhibits 2-3. The Court takes judicial notice of the fact that Merck is raising the same issues of fraudulent joinder in those cases

3

1  Court at this juncture would therefore run the risk of inconsistent rulings between

2  different judges in different districts and/or would constitute an inefficient use of

3  judicial resources. *Cf. Stempien v. Eli Lilly & Co.,* 2006 U.S. Dist. LEXIS

4  28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion

5  to relate all Zyprexa cases naming McKesson Corporation in this district, judges

6  in other California districts would nonetheless have to decide the issue, thus

7  resulting in unnecessarily duplicative litigation, an inefficient use of judicial

8  resources, and the risk of inconsistent results.").

**CONCLUSION**

10     Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay

11  Proceedings (docket no. 12) is GRANTED. Proceedings in this case are

12  STAYED until issuance of a final decision by the JPML regarding transfer or for

13  sixty (60) days, whichever is earlier.

14     Plaintiff's Motion to Remand (docket no. 10) is DENIED without

15  prejudice to the filing of a renewed motion if transfer is denied.

17  IT IS SO ORDERED.

18  December _7_, 2006

19                              FLORENCE MARIE COOPER, JUDGE

20                              UNITED STATES DISTRICT COURT

24  and has filed a similar motion to stay proceedings pending possible transfer to the MDL action in

25  the Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria*

26  *Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice

   of "proceedings in other courts, both within and without the federal judicial system, if those

27  proceedings have a direct relation to matters at issue.").

4

# EXHIBIT I

1
2
3
4
5
6
7

FILED
CLERK, U.S. DISTRICT COURT

DEC - 6 2006

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

8        UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

10   EDWARD A. MORRIS and RUTH P. )       CV 06-5587 FMC (PJWx)
     MORRIS, husband and wife; HELEN )
11   F. TRACY, a single woman; JUDY C. )   ORDER GRANTING DEFENDANT'S
     PENN and BUDDY W. PENN, wife )       MOTION TO STAY AND DENYING
12   and husband,                   )       PLAINTIFFS' MOTION TO REMAND
                                     )
13                                   )
                Plaintiffs,          )
14                                   )
     vs.                             )
15                                   )
     MERCK & CO., INC., a New Jersey )
16   Corporation; McKESSON           )
     CORPORATION, a Delaware         )
17   corporation; DOES 1-50          )
                                     )
18              Defendants.          )
                                     )
19

DOCKETED ON CM

Entered
DEC - 6 2006

BY          085

20

21        This matter is before the Court on Plaintiffs' Motion to Remand to State

22   Court (docket no. 18), and Defendant Merck & Co., Inc.'s Motion to Stay

23   Proceedings (docket no. 23), filed on October 26, 2006 and November 6, 2006,

24   respectively.  The Court has considered the moving, opposition and reply

25   documents submitted in connection with the motions.  The Court deems this

26   matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78,

27   Local Rule 7-15.  Accordingly, the hearing set for December 11, 2006, is

(#35)

removed from the Court's calendar. For the reasons and in the manner set forth

below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiffs'

Motion to Remand without prejudice to the filing of a renewed motion in the

event that the Judicial Panel on Multidistrict Litigation ("JPML") does not

transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax*

*Prods. Liab. Litig.*

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Edward A. Morris, Helen F. Tracy and Judy C. Penn took the

prescription drug Fosamax, which is manufactured and sold by Defendant Merck

& Co., Inc. ("Merck") and distributed by Defendant McKesson Corporation

("McKesson"). Plaintiffs filed their Complaint in the Superior Court for the

State of California, County of Los Angeles, on August 16, 2006. Plaintiffs

allege, *inter alia,* that Defendants misrepresented (affirmatively and through a

failure to warn) that Fosamax was a safe and effective treatment for osteoporosis,

Paget's Disease and other conditions. Plaintiffs further allege that, as a

proximate result of injesting Fosamax, they have been permanently and severely

injured. Co-Plaintiffs Ruth P. Morris and Buddy W. Penn are bringing separate

claims for loss of consortium.

On September 6, 2006, Defendant Merck removed the action to this Court

on the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant

McKesson, a California citizen, is fraudulently joined. In their motion to

remand, Plaintiffs argue that joinder was proper. In its Opposition to the motion

and in its separate Motion for Stay, Merck maintains that resolution of the

question of the propriety of Plaintiffs' joinder of McKesson should be deferred

pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods.*

*Liab. Litig.,* and that all other proceedings in this action should be stayed until

2

such time.[1] McKesson joins in Merck's Opposition to the motion to remand and the Motion to Stay in all respects.

## STANDARD OF LAW

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

## DISCUSSION

A stay of all proceedings until such time as the JPML renders its final decision regarding transfer is in the interest of judicial economy. A steady succession of cases involving the drug Fosamax are being filed in this district and other districts throughout the country and are awaiting transfer to the MDL proceedings.[2] Given the similarity of this litigation to other recent pharmaceutical products liability litigation, the Court finds that there are likely to be many more cases (in this district or otherwise) which present the precise question of the propriety of joinder of Defendant McKesson and/or other

---

[1] Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the JMPL issued a Conditional Transfer Order on September 22, 2006. Plaintiffs' Motion to Vacate that Order is currently pending. *See* Request for Judicial Notice in Support of Merck & Co., Inc.'s Motion to Stay Proceedings, Exhibits 1-2.

[2] According to the JPML website, there are now 58 actions pending in MDL No. 1789, *In Re: Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls. html (follow "Distribution of Pending MDL Dockets").

1  "distributor" defendants.[3]  Consideration of Plaintiffs' remand motion by this

2  Court at this juncture would therefore run the risk of inconsistent rulings between

3  different judges in different districts and/or would constitute an inefficient use of

4  judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 28408

5  *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion to

6  relate all Zyprexa cases naming McKesson Corporation in this district, judges in

7  other California districts would nonetheless have to decide the issue, thus

8  resulting in unnecessarily duplicative litigation, an inefficient use of judicial

9  resources, and the risk of inconsistent results.").

## CONCLUSION

11       Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay

12  Proceedings (docket no. 23) is GRANTED.  Proceedings in this case are

13  STAYED until issuance of a final decision by the JPML regarding transfer or for

14  sixty (60) days, whichever is earlier.

15       Plaintiffs' Motion to Remand (docket no. 18) is DENIED without

16  prejudice to the filing of a renewed motion if transfer is denied.

17

18  IT IS SO ORDERED.

19  December 6, 2006

20                         FLORENCE MARIE COOPER, JUDGE

21                         UNITED STATES DISTRICT COURT

22

---

[3]As Defendants point out, two Fosamax cases which name both Merck and McKesson as Defendants were recently removed (by Merck) to the district courts for the Northern and Southern Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s Reply Memorandum in Support of Motion to Stay Proceedings, Exhibits 1-2.  The Court takes judicial notice of the fact that Merck is raising the same issues of fraudulent joinder those cases and has filed a similar motion to stay proceedings pending possible transfer to the MDL action in the Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

4

# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JENNIE PURDY, ET AL.                                    PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 2:06-cv-223-KS-MTP

MERCK & COMPANY, INC., ET AL.                           DEFENDANTS

## ORDER

Pending before the Court is Merck's Motion to Stay Pending Transfer to MDL No. 1789

[7]. Additionally, Plaintiff has filed a Motion to Remand [8] thereby requiring a stay under the

local rules.

IT IS, THEREFORE, ORDERED that this action is stayed pending a transfer decision

from the Judicial Panel on Multidistrict Litigation, remand to state court, or further order of this

court.

SO ORDERED, this the 1st day of November, 2006.


s/ Michael T. Parker
United States Magistrate Judge

# EXHIBIT K

1
2
3
4
5
6
7
8             **UNITED STATES DISTRICT COURT**
9             **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   EDNA GOYA, an individual,                    CASE NO. 06-CV-2574 H (AJB)

12                              Plaintiff,        **ORDER DENYING
                                                  MERCK & CO.'S MOTION**
13        vs.                                     **FOR A STAY WITHOUT
                                                  PREJUDICE AND**
14   MERCK & CO., INC., a corporation;            **DEFERRING RULING ON
     MCKESSON CORPORATION, a                      MOTION TO REMAND**
15   corporation; and DOES 1-100,                 (Doc. Nos. 6 & 10)
     inclusive,
16
                                Defendants.
17

18        Defendant Merck & Co., Inc. ("Merck") removed this case from state court on

19   November 21, 2006. (Doc. No. 1.) In her complaint, Plaintiff Edna Goya alleges that

20   she suffered injuries caused by her use of Merck's product, Fosamax. (Id.) On

21   December 14, 2006, Merck filed a motion to stay proceedings. (Doc. No. 6.) Plaintiff

22   filed a response in opposition on December 29, 2006. (Doc. No. 9.) Merck filed a reply

23   on January 3, 2007. (Doc. No. 12.) On January 3, 2007, Defendant McKesson

24   Corporation filed a notice that it joins in Merck's request for a stay. (Doc. No. 14.) In

25   its motion, Merck asks the Court to stay the proceedings pending a decision by the

26   Judicial Panel on Multidistrict Litigation ("JPMDL") as to whether this action should

27   be transferred to In re Fosamax Prods. Liab. Litig., MDL No. 1789, currently pending

28   before Judge John Keenan in the Southern District of New York.

1  On December 29, 2006, Plaintiff filed a motion to remand. (Doc. No. 10.)

2  Merck filed a response in opposition on January 26, 2007. (Doc. No. 18.) McKesson

3  filed a joinder in Merck's response on January 23, 2007. (Doc. No. 17.)

4  As indicated in a previous order, pursuant to its discretion under Civil Local Rule

5  7.1(d)(1), the Court submits the motions on the papers without oral argument.

6  On December 27, 2006, the JPMDL entered an order conditionally transferring

7  this case to the In re Fosamax proceedings. (Jeffrey M. Tanzer Decl. Supp. Def.'s

8  Reply Supp. Mot. to Stay Proceedings, Ex. 1.) Plaintiff indicates that she will oppose

9  final transfer, however. If Plaintiff files an opposition, according to Rule 7.4 of the

10  Rules of Procedure of the JPMDL, the conditional transfer order will be stayed until

11  further order of the JPMDL, and the JPMDL will set the matter for hearing. See Rules

12  of Procedure of the JPMDL, Rule 7.4(c)-(d). Then, the JPMDL will determine whether

13  to issue a final transfer order.

14  Under the rules of procedure of the JPMDL, a pending conditional transfer order

15  does not affect pretrial proceedings in the district court and does not in any way limit

16  the pretrial jurisdiction of the district court. See Rule 1.5 of the Rules of Procedure for

17  the Judicial Panel on Multidistrict Litigation. Nevertheless, district courts have inherent

18  power to stay their own proceedings. The power to stay a case is "incidental to the

19  power inherent in every court to control the disposition of the causes on its docket with

20  economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am.

21  Co., 299 U.S. 248, 254 (1936); see also CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th

22  Cir. 1962). Whether to grant a stay is left to the sound discretion of the trial court.

23  CMAX, Inc., 300 F.2d at 268. Courts generally take into consideration judicial

24  economy and prejudice to the parties in determining whether to enter a stay. See, e.g.,

25  Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); see also Landis,

26  299 U.S. at 254-55.

27  Given that this case was recently filed and the JPMDL has already entered a

28  conditional transfer order, the Court finds that a formal stay is not required to preserve

1   judicial resources and to avoid prejudice to Merck.  Accordingly, the Court **DENIES**

2   Merck's motion for a stay without prejudice.  The Court notes that at least 58 cases

3   have already been transferred to the coordinated proceedings before Judge Keenan, and

4   additional cases, such as this one, are currently awaiting transfer decisions by the

5   JPMDL.  Therefore, although the Court declines to impose a formal stay, the Court does

6   not expect the parties to pursue the case or conduct any discovery while awaiting the

7   JPMDL's decision.

8        Additionally, Plaintiff has recently filed a motion to remand this action.  As at

9   least one court has noted:  "The general rule is for federal courts to defer ruling on

10   pending motions to remand in MDL litigation until after the JPMDL has transferred the

11   case to the MDL panel." Jackson v. Johnson & Johnson, Inc., No. 01-2113 DA, 2001

12   WL 34048067, at *6 (W.D. Tenn. April 3, 2001); see also In re Amino Acid Lysine

13   Antitrust Litig., 910 F. Supp. 696, 700 (J.P.M.L. 1995) ("[T]he pending motion to

14   remand . . . can be presented to and decided by the transferee judge.").  Accordingly,

15   the Court will **DEFER** ruling on Plaintiff's motion to remand for 60 days, subject to

16   further deferral if the JPMDL has not entered a final ruling on transfer at that time.  If

17   the JPMDL declines to enter a final transfer order, the motion to remand will be

18   pending before this Court.  If, however, the JPMDL enters a final transfer order

19   consolidating this case for pretrial proceedings in the Southern District of New York,

20   the Court notes that the motion will be pending before the transferee court and no

21   longer before this Court.

22        IT IS SO ORDERED.

23   Dated:  February 1, 2007

24                                         MARILYN L. HUFF, District Judge
25                                         UNITED STATES DISTRICT COURT

26

27

28

- 3 -                                            06cv2574

1  Copies To:

2  Magistrate Judge Battaglia

3  Hector G. Gancedo
   Tina B. Neives
4  Amy M. Boomhouwer
   Gancedo & Nieves, LLP
5  144 W. Colorado Blvd.
   Pasadena, CA 91105
6
   Douglas Emhoff
7  Jeffrey Tanzer
   Venable LLP
8  2049 Century Park East, Suite 2100
   Los Angeles, CA 90067
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06cv2574